IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROL GARLAND                                                                        PLAINTIFF

VS.                                         CASE NO.: 4:11-cv-04017-JLH

FRED'S STORES OF TENNESSEE, INC.                                        DEFENDANT

ANSWER
Jury Trial Requested

The Defendant Fred's Stores of Tennessee, Inc. (hereinafter "Fred's") files this Answer and responds to the Complaint, paragraph by paragraph, as follows:

1. Defendant lacks sufficient information to form a belief as to the matters asserted in paragraph number 1 and therefore denies same. However, it is admitted Plaintiff is a resident of Arkansas.

2. Admitted.

3. Admitted as to federal jurisdiction and venue.

4. Denied.

5. Denied.

6. Denied, including subparts a and b.

7. Denied.

8. Admitted.

As to the final paragraph beginning "Wherefore", Defendant denies it is liable to Plaintiff for any sum whatsoever and requests that the Complaint be dismissed, with prejudice, and all costs and attorney's fees assessed to Plaintiff.

All allegations not specifically admitted herein are denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief maybe granted.

## SECOND AFFIRMATIVE DEFENSE

The sole cause of the accident was the negligence of the Plaintiff in failing to exercise reasonable care for her safety under the circumstances.

## THIRD AFFIRMATIVE DEFENSE

The injuries, if any, claimed by Plaintiff are the result of a preexisting or intervening condition.

## FOURTH AFFIRMATIVE DEFENSE

The Defendant hereby invokes the doctrine of comparative fault to the full extent applicable.

## FIFTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to mitigate her damages as required by law.

## SIXTH AFFIRMATIVE DEFENSE

To the extent any health insurer or governmental entity has or will pay any medical expenses incurred by the Plaintiff as a result of the alleged accident, then the Payor is the real party in interest and should be substituted as a party Plaintiff pursuant to Rule 17(a). In the alternative, any Payor referenced herein should be joined, if feasible, pursuant to Rule 19(a).

## SEVENTH AFFIRMATIVE DEFENSE

The sole cause or proximate contributing cause of Plaintiff's alleged accident and injuries, if any, is the negligence of a person or entity over which Defendant has no control or responsibility.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant is investigating the allegations of Plaintiff's Complaint and pleads any Rule 8 affirmative defenses that may be applicable once discovery is completed, including but not limited to, estoppel, res judicada, laches, waiver, statute of limitations, set off or any other defense enumerated by or required by Rule 8 of the Rules of Civil Procedure.

### NINTH AFFIRMATIVE DEFENSE

Medicare or any governmental entity that has paid any alleged medicals is the sole party in interest in that regard. Therefore, Plaintiff is not entitled to recover those alleged amounts.

WHEREFORE, ALL PREMISES CONSIDERED, Defendant Fred's Stores of Tennessee, Inc. request that the Complaint filed against it be dismissed, and all costs assessed to Plaintiff, including attorney's fees.

Dated: February 8, 2011                           Respectfully submitted,

                                                  s/ Richard D. Underwood
                                                  RICHARD D. UNDERWOOD
                                                  MSB# 8533/TNB# 014515/ ARB# 2006137
                                                  UNDERWOOD / THOMAS, P.C.
                                                  9037 Poplar Avenue, Suite 101
                                                  Memphis, Tennessee 38138
                                                  901-818-3133/901-818-3134 (Fax)
                                                  rdu@underwoodthomas.com
                                                  ATTORNEY FOR DEFENDANT

Certificate of Service

A copy of the foregoing document has been served pursuant to Rule 5 of the Rules of Civil Procedure to:      Mr. David Price
P.O. Box 765
Magnolia, AR 71754-0765
Attorney for Plaintiff

Dated: <u>February 8, 2011</u>              <u>s/ Richard D. Underwood   </u>
                                            Richard D. Underwood