IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CAROL GARLAND                                                                                    PLAINTIFF

VS.                          CASE NO. 4:11-cv-04017 SOH

FRED'S STORES OF TENNESSEE, INC.                                            DEFENDANT

### DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Counsel for Defendant, Fred's Stores of Tennessee, Inc. ("Fred's"), files these objections to Plaintiff's Proposed Jury Instructions and would state as follows:

1. AMI 101 – Cautionary Instruction – Commencement of Trial – Defendant does not object to this instruction.

2. AMI 102 – Cautionary Instruction – Duty of Jury During Recess - Defendant does not object to this instruction.

3. AMI 103 – Cautionary Instruction – Respective Duties of Judge and Jury - Defendant does not object to this instruction.

4. AMI 104 – Jury – Personal Observations and Experiences - Defendant does not object to this instruction.

5. AMI 105 – Credibility of Witnesses - Defendant does not object to this instruction.

6. AMI 106A – Adverse Inference - Defendant objects to this instruction as it is not warranted by the evidence. There is no allegation that Defendant has concealed evidence.

7. AMI 107 – Expert Witnesses - Defendant does not object to this instruction (assuming there is any expert testimony at trial).

8. AMI 108 – Circumstantial Evidence - Defendant does not object to this instruction.

9. AMI 202 – Meaning of Burden of Proof and Preponderance of the Evidence - Defendant does not object to this instruction, but the instruction the Court gives is better.

10. AMI 302 (Modified) – Negligence Definition - Defendant does not object to this instruction.

11. AMI 303 – Ordinary Care- Definition- Defendant does not object to this instruction.

12. AMI 305 – Duty to Use Ordinary Care - Defendant objects to this instruction on the basis that it is not a complete statement of law. The duty of ordinary care is for those exercising reasonable care for their own safety (which Defendant has the right to expect).

13. AMI 501 – Proximate Case – Concurring Proximate Cause - Definition - Defendant does not object to this instruction.

14. AMI 1106 – Duty Owed to Admitted Invitee – Foreign Object or Substance - Defendant objects to this instruction on the basis that the first instance stated does not specify that either an employee caused the alleged hazard (of which there is no evidence).

15. AMI 2201 – Measure of Damages – General Instruction- Defendant objects and does not know at this time what testimony will be heard regarding damages. Therefore, Defendant must reserve any objections until all testimony has been heard.

16. AMI 2203 – Measure of Damages – Aggravation of Pre-existing Condition - Defendant objects and does not know at this time what testimony will be heard regarding damages. Therefore, Defendant must reserve any objections until all testimony has been heard.

17. Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form – Defendant objects to Plaintiff's Verdict Form as it

only provides the jury the option to find in favor of Plaintiff. The Verdict Form should be modified to read as follows:

**VERDICT FORM**

1. Do you find from a preponderance of the evidence that there was negligence on the part of Defendant, Fred's Stores of Tennessee, Inc. and the negligence, if any, was a proximate cause of Plaintiff's alleged damages?

    ANSWER: _____
    (Yes or No)

    **If your answer is "No" stop here and return the verdict form to the Court. If your answer is "Yes" proceed to No. 2.**

2. Do you find from a preponderance of the evidence that there was negligence on the part of Plaintiff, Carol Garland and the negligence, if any, was a proximate cause of Plaintiff's alleged damages?

    ANSWER: _____
    (Yes or No)

    **If your answer is "No" proceed to No. 4. If your answer is "Yes" to No. 1 and "Yes" to No. 2 then answer the following:**

3. Using 100% to represent the total responsibility for the occurrence and any injuries or damages resulting from it, apportion the responsibility between the parties whom you have found to be responsible.

    ANSWER: Fred's Stores Of Tennessee, Inc.    _____%

    Carol Garland    _____%

    Total    100%

**Now Proceed to No. 4.**

4. Do you find from a preponderance of the evidence that Plaintiff, Carol Garland suffered actual damages due to the negligence of Fred's Stores of Tennessee, Inc.?

ANSWER: _____
(Yes or No)

**If your answer is "No" stop here and return the verdict form to the Court. If your answer is "Yes" proceed to No. 5.**

5. What are the total money damages you award to Carol Garland?

ANSWER: $_____

## ADDITIONAL OBJECTIONS RESERVED

Defendant reserves additional objections pending the proof in this case and all objections or non-objections are subject to modification based upon the proof at trial.

WHEREFORE, ALL PREMISES CONSIDERED, counsel for Defendant requests that the above exclusions and amendments be made to Plaintiff's proposed Jury Instructions.


Dated: February 11, 2013          Respectfully submitted,

/s/Richard D. Underwood
RICHARD D. UNDERWOOD
MSB# 8533/TNB# 014515/ ARB# 2006137
UNDERWOOD / THOMAS, P.C.
9037 Poplar Avenue, Suite 101
Memphis, Tennessee 38138
rdu@underwoodthomas.com
901-818-3133/901-818-3134 (Fax)
Attorney for Fred's Stores of Tennessee, Inc.

## CERTIFICATE OF SERVICE

  A copy of the foregoing document has been served pursuant to Rule 5 of the Rules of Civil Procedure to:

    Mr. David P. Price
    P.O. Box 765
    Magnolia, AR 71754-0765

Dated: <u>February 11, 2013</u>          <u>/s/Richard D. Underwood</u>
                       Richard D. Underwood